UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRENDA VALENCIA, individually,
    Plaintiff,

v.

ANDREU, PALMA & ANDREU, P.L.,          JURY DEMAND
a Florida professional corporation,
    Defendant.
_____/

## COMPLAINT

1. Plaintiff BRENDA VALENCIA alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant ANDREU, PALMA & ANDREU, P.L.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the letters forming the basis of this action were sent by the Defendant into this District, because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District, and because Defendant itself is headquartered in this District.

4. Venue in this District is proper because the Plaintiff resides here and received letters from Defendant within this District, and because Defendant is headquartered in this District.

### PARTIES

5. Plaintiff BRENDA VALENCIA is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant ANDREU, PALMA & ANDREU, P.L. ("Andreu, Palma & Andreu") is a debt collector that operates from offices located in Miami, Florida.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff previously incurred a consumer debt to Bank of America, N.A., as successor-in-interest to FIA Card Services, in connection with Plaintiff's personal credit card.

10. Plaintiff obtained and used the aforementioned credit card for personal, household, and family purposes.

11. Plaintiff allegedly defaulted on this debt.

12. Bank of America, N.A. subsequently engaged the debt collection services of Andreu, Palma & Andreu to attempt to collect the aforementioned debt from Plaintiff.

13. On January 7, 2015,[1] Defendant sent a written communication to Plaintiff in connection with the collection of the debt allegedly owed by her. A true and correct copy of the January 7, 2015 communication is attached hereto as **Exhibit A**.

14. The January 7, 2015 communication was the first communication Plaintiff received from Defendant.

15. Plaintiff did not receive any other communications from Defendant within five days of the January 7, 2015 communication.

---

[1] Plaintiff is a class member in *Kemper v. Andreu, Palma & Andreu, PL*, Case No. 1:15-cv-21226-JEM (S.D. Fla. 2015), a class action lawsuit involving allegations similar to those herein. An order of preliminary approval of a proposed class action settlement was recently entered in *Kemper*, and Plaintiff timely submitted a request to be excluded from the aforementioned settlement on March 3, 2016. The statute of limitations for Plaintiff's claim has been tolled since *Kemper* was filed. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983).

16. The January 7, 2015 communication to Plaintiff stated that Defendant "has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account. Please be advised that the Bank intends to invoke its right to file a lawsuit against you." *See* **Exhibit A**.

17. The January 7, 2015 communication then stated:

    > If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

    **Exhibit A.**

18. Defendant's January 7, 2015 communication also stated:

    > This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

    **Exhibit A.**

19. Defendant's January 7, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need mail verification of the debt, or a copy of the judgment, if any, to him only if he notified Defendant ***in writing*** that he disputed the debt.

20. That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing. By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

3

21. Defendant's January 7, 2015 communication implies to the least-sophisticated consumer that there is one standard if the consumer wants to obtain the name and address of the original creditor within the thirty-day time period—send a writing—and a different standard if the consumer wants to obtain verification of the debt or a copy of any judgment—call to dispute the debt or send a writing disputing the debt.

22. Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that orally disputing a debt would trigger Defendant's obligation to obtain and send verification of the debt. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

23. Moreover, failing to dispute the debt in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. §1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

24. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally

dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates paragraphs 1 through 24 herein.

26. Defendant's January 7, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need mail verification of the debt, or a copy of the judgment, if any, to her only if he notified Defendant *in writing* that he disputed the debt.

WHEREFORE, Plaintiff BRENDA VALENCIA, requests that the Court enter judgment in favor of Plaintiff and against Defendant ANDREU, PALMA & ANDREU, P.L. for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. attorney's fees, litigation expenses, and costs of the instant suit, and;

    d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 9th day of March, 2016.

    BRET L. LUSSKIN, Esq.
    *Attorney for Plaintiff*
    20803 Biscayne Blvd., Ste 302
    Aventura, Florida 33180
    Telephone: (954) 454-5841
    Facsimile: (954) 454-5844
    blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069